McNULTY, Chief Judge.
In this declaratory decree action defendant/appellant County of Lee appeals an adverse summary judgment. We reverse.
The factual predicate for this action are these. In 19S8 the appellant County granted the appellee utility’s predecessor a twenty-year exclusive franchise to provide water and sewage disposal service within a *497 designated area of the County. The County also granted it an exclusive right to use all road rights-of-way for the installation of water and sewer lines and promised to aid and supervise the construction of lines within such rights-of-way. Additionally, the County agreed to examine and approve all plans for installation or alteration of the system and to set all rates to be charged by the utility. In consideration for the franchise the utility promised to pay six percent of its gross revenues to the County.
Thereafter, pursuant to the provisions of Ch. 367, F.S.1969, the County on February 18, 1970 adopted a resolution relinquishing authority to fix water and sewer rates to the Florida Public Service Commission as a result of which, and pursuant to § 367.19, F.S.1969, the Public Service Commission now exacts a gross receipt tax of U/2% against the utility for such services. Notwithstanding, the appellee continued to make payments of 6% to the County pursuant to its original franchise agreement and to date has paid $20,567.71, which amount it seeks to recover in this action. Additionally, it also seeks declaratory relief and a determination of its rights relative to future payments under the franchise. The summary judgment entered herein in favor of the utility declared the franchise agreement null and void as of February 18, 1970, the date of the County’s resolution aforesaid, and ordered return of the monies paid after that date.
This case is controlled by our recent per curiam affirmance in GAC Utilities Company v. City of Cape Coral.[1] In that case, as here, the County had resolved to transfer some of its authority over the enfranchised utility company to the Florida Public Service Commission and the same question arose, i. e., whether the utility company had to pay both the 6% original franchise fee to the County (and subsequently to the City which succeeded the County in that case) and the li/¿% fee payable to the Public Service Commission. The trial judge determined that since the County continued to provide benefits (e. g. allowing use of the County’s rights-of-way) and give other assistance to the utility pursuant to the original franchise agreement it and its successor were still entitled to receive the franchise fee originally agreed upon; but, because of its voluntary relinquishment of some of its powers and duties, such fee should be reduced by the lyi% fee payable by statute to the Public Service Commission for the latter’s assumption of those functions so relinquished. We thought that to be a propitious solution there and we think it potentially so here.
As applied here, however, we again note that the trial judge declared the original franchise agreement null and void as of the date of the County’s resolution. We point out too that the record suggests that the County nonetheless has continued to provide benefits and give assistance otherwise to the utility company pursuant to the original franchise agreement. Obviously, therefore, any factual issues relating to these latter benefits were never resolved because the summary judgment was predicated on the aforesaid voiding of the original franchise agreement. In view of our disposition hereof those issues, if any, are again viable.
The summary judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
GRIMES and SCHEB, JJ., concur.

. (Fla.App.2d, 1974), 303 So.2d 716.